**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JERRY ARMSTRONG, | No. 09-17801 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-01046-GEB-GGH |
| v. |  |
| SISKIYOU COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jerry Armstrong appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that he was unlawfully arrested for

violating the terms of his parole.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment in favor of defendant Stewart because Armstrong failed to raise a genuine issue of material fact as to whether Stewart unlawfully arrested Armstrong without legal grounds to do so and conspired to put him back into custody. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

The district court properly granted summary judgment in favor of defendant Tharsing because he is protected by qualified immunity. *See Burns v. Reed*, 500 U.S. 478, 495 (1991) (qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on the *Monell* claim because Armstrong failed to raise a genuine issue of material fact as to whether Tharsing's direction of Armstrong to the halfway house was pursuant to a municipal policy, custom, or practice, or because of a failure to train officers to avoid issuing such directives. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667-68 (9th Cir. 2007) (setting forth required elements of a *Monell* claim).

We do not consider Armstrong's arguments raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Armstrong's motion to amend is granted.  His motion for default judgment is denied.

**AFFIRMED.**

09-17801